# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TELEBRANDS CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>VIENECI GARDEN, INC.,<br><br>       Defendant. | Civil Action No. _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Telebrands Corporation ("Plaintiff" or "Telebrands") hereby brings this Complaint for patent infringement against Defendant Vieneci Garden, Inc. ("Defendant" or "Vieneci") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement of U.S. Patent Nos. 10,174,870 (the "'870 Patent") and 10,890,278 (the "'278 Patent") (collectively, the "Asserted Patents") in violation of the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

## THE PARTIES

2. Plaintiff Telebrands Corporation is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey, 07004.

3. Upon information and belief, Defendant Vieneci Garden, Inc. is a corporation organized and existing under the laws of the State of Indiana, having a principal place of business

at 2646 North 700 East, Franklin, Indiana 46131. Upon information and belief, Vieneci is doing business throughout the United States and within the State of Indiana.

## JURISDICTION AND VENUE

4. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 3 as if set forth herein in their entirety.

5. This Court has subject matter jurisdiction over the patent infringement claims set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, Vieneci is engaged in the business of using in, offering for sale in, selling in, and/or importing into, the United States expandable hoses, including within this District, and is incorporated in this District.

7. Vieneci is subject to the general personal jurisdiction of courts of general jurisdiction in Indiana because Vieneci is incorporated in Indiana and has its principal place of business in Indiana.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  As such, this Court may exercise jurisdiction over Vieneci pursuant to Rule 4(k)(1) of the Federal Rules of Civil Procedure.

8. Vieneci is also subject to specific jurisdiction in this case because at least part of Telebrands' claims arise from Vieneci's activities in the State of Indiana and this Judicial District.

9. Upon information and belief, Vieneci has its principal place of business in the State of Indiana and is incorporated in the State of Indiana.  Therefore, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

10. Upon information and belief, Vieneci has an address in Franklin, Johnson County, in the Indianapolis Division of the Southern District of Indiana.  Therefore, venue is proper within this District.

**THE PATENTS-IN-SUIT**

11. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 10 as if set forth herein in their entirety.

12. Telebrands is the owner of the '870 Patent, entitled "Expandable and Contractible Garden Hose," which the United States Patent and Trademark Office ("USPTO") duly and lawfully issued on January 8, 2019. A true and correct copy of the '870 Patent is attached hereto as **Exhibit A**.

13. Telebrands is the owner of the '278 Patent, entitled "Expandable and Contractible Garden Hose," which the USPTO duly and lawfully issued on January 12, 2021. A true and correct copy of the '278 Patent is attached hereto as **Exhibit B**.

**GENERAL ALLEGATIONS AND BACKGROUND**

14. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 13 as if set forth herein in their entirety.

15. Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products, through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

16. For over thirty years, Telebrands has been a leading developer and marketer of consumer products. Telebrands is widely known through the retail industry for its success in driving retail sales through its nationwide advertising programs. For many years, Telebrands expended significant human and financial resources cultivating relationships with a wide variety of retailers, *e.g.*, large retail chains, catalogs, and retail websites, which buy Telebrands' products.

17. For over ten years, Telebrands has been marketing and selling its expandable hose, which it currently sells under the trademark POCKET HOSE® and other related marks. The

POCKET HOSE® hose is light in weight, does not kink when unwrapped or uncoiled, can expand up to three times its length when pressurized water is flowing through it, and can automatically contract to a reduced length when the water is released from it. The POCKET HOSE® hose has been and continues to be a massive success in the United States. Telebrands is the owner of all intellectual property rights in connection with the POCKET HOSE® hose including, without limitation, the patent rights asserted in this Complaint.

18. Indicative of the ingenuity and popularity of Telebrands' POCKET HOSE® hose, Vieneci has impermissibly promoted and sold and continues to impermissibly promote and sell infringing expandable hose products embodying the inventions protected by the Asserted Patents. Specifically, Vieneci impermissibly promotes and sells the Vieneci Expandable Garden Hose, which comes in various sizes, including 25 feet, 50 feet, 75 feet, 100 feet, 125 feet, and 150 feet (hereinafter the "Accused Products"). A screen shot of Vieneci's website, www.vieneci.com/, promoting the Accused Products is attached hereto as **Exhibit C**. A screenshot of Amazon.com's website, https://www.amazon.com/VIENECI-Expandable-Connectors-Lightweight-Expanding/dp/B09MHD72VK/ref=sr_1_1_sspa?keywords=vieneci&qid=1676523805&sr=8-1-spons&smid=AVR22N7EMN5AM&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUExNVpVRkI3Qlg0SlZZJmVuY3J5cHRlZElkPUEwNzQyMzExMTFVMEZPSUVGQ0g5WCZlbmNyeXB0Z WRBZElkPUEwMjg2NzAyVk04VlhLNzcwVVpNJndpZGdldE5hbWU9c3BfYXRmJmFjdGlvb j1jbGlja1JlZGlyZWN0JmRvTm90TG9nQ2xpY2s9dHJ1ZQ&th=1, promoting one of the Accused Products is attached hereto as **Exhibit D**.

**COUNT I**
**(INFRINGEMENT OF THE '870 PATENT)**

19. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 18 as if set forth herein in their entirety.

20. Vieneci has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '870 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

21. For example, as set forth in detail in the attached preliminary and exemplary claim chart provided in **Exhibit E**, the Accused Products include all of the limitations of at least Claim 1 of the '870 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '870 Patent under 35 U.S.C. § 271(a).

22. Vieneci has induced others to infringe and continues to actively induce others to infringe at least Claim 1 of the '870 Patent.

23. Vieneci's end-user customers, by using the Accused Products, have directly infringed and continue to directly infringe at least Claim 1 of the '870 Patent.

24. Retailers including, for example, Wal-Mart and Amazon.com, have directly infringed and continue to directly infringe at least Claim 1 of the '870 Patent by selling and offering to sell the Accused Products in their retail locations and/or on their websites.

25. Upon information and belief, Vieneci had knowledge of the '870 Patent since at least its issuance on January 8, 2019 due to the massive popularity of Telebrand's POCKET HOSE® hose and previous patent litigations regarding family members of the '870 Patent against other manufacturers of similarly infringing expandable hoses. Upon information and belief, as part of a customary due diligence before entering the expandable hose market, Vieneci should have and likely did review patents covering expandable hoses and should have and likely did review the '870 Patent prior to the filing of this Complaint. Therefore, Vieneci should have known, and

has known, that selling, offering to sell, and importing into the United States the Accused Products would cause direct infringement of the '870 Patent.

26.     Despite having knowledge of the '870 Patent since at least its issuance, Vieneci has sold, offered to sell, and promoted the Accused Products with specific intent to encourage and cause infringement of the '870 Patent by customers and retailers.

27.     Upon information and belief, Vieneci has actively induced others and continues to actively induce others to infringe the '870 Patent by marketing, offering for sale, and selling the Accused Products, knowing and intending that such products would be used by end users in a manner that infringes the '870 Patent and knowing that retailers would offer to sell and sell the Accused Products.  To that end, Vieneci provides instructions and information to its customers and the end users that such Accused Products be used to infringe the '870 Patent (*see, e.g.,* **Exhibit E** and **Exhibit F**).

28.     Since at least the date of the issuance of the '870 Patent, Vieneci has had actual knowledge of the claims of the '870 Patent, and the fact that the Accused Products infringe one or more of those claims, including through its likely copying of the POCKET HOSE® hose.  Upon information and belief, Vieneci has taken no steps to remedy any infringement.

29.     The aforementioned acts by Vieneci constitute induced infringement of the '870 Patent in violation of at least 35 U.S.C. § 271(b).

30.     Vieneci has contributorily infringed and continues to contributorily infringe at least Claim 1 of the '870 Patent.

31.     Vieneci has sold and offered to sell the Accused Products to practice the invention claimed in at least Claim 1 of the '870 Patent, and has done so with knowledge that the Accused

Products are especially made or adapted for use in an infringement of the '870 Patent. *See* **Exhibit C**, **Exhibit D**, **Exhibit E**, and **Exhibit F**.

32. Vieneci's Accused Products are not staple articles of commerce suitable for substantial non-infringing use. They are assembled from manufactured components for a specific function having no purpose other than infringement of the '870 Patent.

33. The aforementioned acts by Vieneci constitute contributory infringement of the '870 Patent in violation of at least 35 U.S.C. § 271(c).

34. Telebrands has been and continues to be damaged by Vieneci's infringement of the '870 Patent, has been and continues to be irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Vieneci from further infringement.

35. Due to Vieneci's past and ongoing infringement of the '870 Patent, Telebrands is entitled to monetary damages in an amount to be determined at trial, which may include lost profits but in no event less than a reasonable royalty.

36. Vieneci's infringement of at least Claim 1 of the '870 Patent has been and continues to be willful and deliberate. As a result, Telebrands is entitled to increased damages pursuant to 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## COUNT II
### (INFRINGEMENT OF THE '278 PATENT)

37. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 36 as if set forth herein in their entirety.

38. Vieneci has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '278 Patent by making, using, offering

for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

39. For example, as set forth in detail in the attached preliminary and exemplary claim chart provided in **Exhibit G**, the Accused Products include all of the limitations of at least Claim 1 of the '278 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '278 Patent under 35 U.S.C. § 271(a).

40. Vieneci has induced others to infringe and continues to actively induce others to infringe at least Claim 1 of the '278 Patent.

41. Vieneci's end-user customers, by using the Accused Products, have directly infringed and continue to directly infringe at least Claim 1 of the '278 Patent.

42. Retailers including, for example, Wal-Mart and Amazon.com, have directly infringed and continue to directly infringe at least Claim 1 of the '278 Patent by selling and offering to sell the Accused Products in their retail locations and/or on their websites.

43. Upon information and belief, Vieneci had knowledge of the '278 Patent since at least its issuance on January 12, 2021 due to the massive popularity of Telebrand's POCKET HOSE® hose and previous patent litigations regarding family members of the '278 Patent against other manufacturers of similarly infringing expandable hoses. Upon information and belief, as part of a customary due diligence before entering the expandable hose market, Vieneci should have and likely did review patents covering expandable hoses and should have and likely did review the '278 Patent prior to the filing of this Complaint. Therefore, Vieneci should have known, and has known, that selling, offering to sell, and importing into the United States the Accused Products would cause direct infringement of the '278 Patent.

44. Despite having knowledge of the '278 Patent since at least its issuance, Vieneci has sold, offered to sell, and promoted the Accused Products with specific intent to encourage and cause infringement of the '278 Patent by customers and retailers.

45. Upon information and belief, Vieneci has actively induced others and continues to actively induce others to infringe the '278 Patent by marketing, offering for sale, and selling the Accused Products, knowing and intending that such products would be used by end users in a manner that infringes the '278 Patent and knowing that retailers would offer to sell and sell the Accused Products. To that end, Vieneci provides instructions and information to its customers and the end users that such Accused Products be used to infringe the '278 Patent (*see*, *e.g.*, **Exhibit F** and **Exhibit G**).

46. Since at least the date of the issuance of the '278 Patent, Vieneci has had actual knowledge of the claims of the '278 Patent, and the fact that the Accused Products infringe one or more of those claims, including through its likely copying of the POCKET HOSE® hose. Upon information and belief, Vieneci has taken no steps to remedy any infringement.

47. The aforementioned acts by Vieneci constitute induced infringement of the '278 Patent in violation of at least 35 U.S.C. § 271(b).

48. Vieneci has contributorily infringed and continues to contributorily infringe at least Claim 1 of the '278 Patent.

49. Vieneci has sold and offered to sell the Accused Products to practice the invention claimed in at least Claim 1 of the '278 Patent, and has done so with knowledge that the Accused Products are especially made or adapted for use in an infringement of the '278 Patent. *See* **Exhibit C**, **Exhibit D**, **Exhibit F**, and **Exhibit G**.

50. Vieneci's Accused Products are not staple articles of commerce suitable for substantial non-infringing use. They are assembled from manufactured components for a specific function having no purpose other than infringement of the '278 Patent.

51. The aforementioned acts by Vieneci constitute contributory infringement of the '870 Patent in violation of at least 35 U.S.C. § 271(c).

52. Telebrands has been and continues to be damaged by Vieneci's infringement of the '278 Patent, has been and continues to be irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Vieneci from further infringement.

53. Due to Vieneci's past and ongoing infringement of the '278 Patent, Telebrands is entitled to monetary damages in an amount to be determined at trial, which may include lost profits but in no event less than a reasonable royalty.

54. Vieneci's infringement of at least Claim 1 of the '278 Patent has been and continues to be willful and deliberate. As a result, Telebrands is entitled to increased damages pursuant to 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Telebrands prays that this Court enter judgment as follows:

A. that Vieneci has infringed and is infringing each of the '870 Patent and the '278 Patent;

B. that such infringement was and is willful;

C. preliminarily and permanently enjoining Vieneci, its principal, officers, directors, agents, servants, employees, affiliates, successors and assigns, dealers, retailers, distributors,

manufacturers, and all others in active concert and/or participation with Vieneci, from infringing the '870 Patent and the '278 Patent, pursuant to 35 U.S.C. § 283;

D. awarding Telebrands damages for Vieneci's direct and indirect infringement of both the '870 Patent and the '278 Patent, in an amount to be ascertained at trial, including at least a reasonable royalty and/or Vieneci's lost profits, together with interest and costs, pursuant to U.S.C. § 284;

E. trebling the amount of damages for Vieneci's infringement of both the '870 Patent and the '278 Patent, pursuant to U.S.C. § 284;

F. finding the case exceptional and awarding Telebrands reasonable attorneys' fees, pursuant to U.S.C. § 285; and

G. granting Telebrands such other and further relief in law or in equity as this Court deems just or proper.

## DEMAND FOR JURY TRIAL

Telebrands demands a trial by jury on all issues so triable.

DATED:  February 17, 2023

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER, LLP

 /s/  Jonathan G. Polak
Jonathan G. Polak, Atty No. 21954-49
W. Michael Etienne, Atty No. 35221.32
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Telephone: (317) 713-3500
Facsimile: (317) 713-3699
Email: jpolak@taftlaw.com
         metienne@taftlaw.com

        Michael J. Zinna (*Pro Hac Vice* forthcoming)
        Vincent M. Ferraro (*Pro Hac Vice* forthcoming)
        KELLEY DRYE & WARREN LLP
        3 World Trade Center
        New York, New York 10007
        Telephone: (212) 808-7800
        Facsimile: (212) 808-7897
        Email:  MZinna@KelleyDrye.com
               VFerraro@KelleyDrye.com

*Attorneys for Plaintiff*
*Telebrands Corporation*