UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TELEBRANDS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00316-JRS-MJD |
| | ) |
| VIENECI GARDEN, INC., | ) |
| | ) |
| Defendant. | ) |

**Order on Motion for Entry of Default**

This matter is before the Court upon Telebrands Corporation's Motion for Entry of Default[1] against Vieneci Garden, Inc. (ECF No. 24.) Previously, the Court granted in part and denied in part Plaintiff's Motion to Authorize Service of Process Via Email. (ECF No. 17 at 3–4 (allowing Plaintiff to serve Vieneci Garden, Inc., via email, but also requiring Plaintiff *to serve the Indiana Secretary of State* pursuant to Indiana Trial Rules 4.4 and 4.10).) Plaintiff's subsequent Affidavit of Service shows that Plaintiff adequately served Defendant via email as authorized. (ECF No. 21 at 4–5.) However, rather than serving the Indiana Secretary of State as required, Plaintiff again listed *Defendant's* mailing address on the Summons. (*Compare id.* at 1 (the new Summons serving Defendant through its "agent," the Indiana Secretary of State, at 2646 N 700 E) *with* ECF No. 6 at 1 (the original Summons serving Defendant at the same address).) This is insufficient for adequate service of process. (*See* ECF

---

[1] The Motion is mislabeled on the docket as a "Motion for Default Judgment." However, the document itself is appropriately titled; a Clerk's Entry of Default has not yet been entered in this case.

No. 17 at 4 ("Successful delivery of the Summons and Complaint via these alternative means of service shall constitute service of process.").)

The Court assumes this was an inadvertent clerical error. Serving the Indiana Secretary of State using Defendant's address would make no sense, particularly since the inadequacy of that address is why the Court authorized alternative means for service in the first place. (*See, e.g.*, ECF No. 14-5.) While Plaintiff must provide the Indiana Secretary of State with Defendant's last known mailing address, Ind. Trial R. 4.10(A)(1)(b), service must still be on the Indiana Secretary of State itself, *see Swaim v. Moltan Co.*, 73 F.3d 711, 715 (7th Cir. 1996) (discussing Rule 4.4 and delivery of a complaint and summons "to the Indiana Secretary of State").

Accordingly, Plaintiff's Motion for Entry of Default, (ECF No. 24) is **denied.** Plaintiff is directed to serve the Indiana Secretary of State, acting as Defendant's agent under Ind. Trial R. 4.4, at the appropriate address.

**SO ORDERED.**

Date: 07/05/2023

*[signature]*

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered counsel of record by CM/ECF.