**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TELEBRANDS CORPORATION, | Civil Action No. 1:23-cv-00316-JRS-MJD |
| Plaintiff, | Judge James R. Sweeney II |
| v. | Magistrate Judge Mark J. Dinsmore |
| VIENECI GARDEN INC., | |
| Defendant. | |

**MOTION FOR LEAVE TO SEEK LIMITED DISCOVERY**
**UPON THIRD PARTIES**

Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff Telebrands Corporation ("Telebrands") seeks leave to serve narrow discovery on third parties, Amazon.com, Inc. ("Amazon"), Wal-Mart.com USA, LLC and Walmart Inc. (collectively, "Walmart"), Excel Supplies LLC ("Excel"), flawlessliquidation.com ("Flawless"), Sprint Gear LLC ("Sprint Gear"), newdawndecor.com ("New Dawn"), and Farhad Dealz LLC ("Farhad") (collectively, the "Third Party Sellers") to obtain information that will allow Telebrands to seek an award of damages as part of a motion for default judgment it anticipates filing against Defendant Vieneci Garden Inc. ("Vieneci").

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS...................................................................................................I

I.      BACKGROUND ..................................................................................................... 1

II.     ARGUMENT .......................................................................................................... 2

          A.     Legal Authority.......................................................................................... 2

                1.     Discovery Before 26(f) Conference Requires Good Cause....................... 2

                2.     Entry of Default Against a Defendant Entitles a Plaintiff to Damages under 35 U.S.C. § 284 but the Amount of Damages Must Be Determined with Reasonable Certainty before Default Judgment ............................................................................................... 3

          B.     Application of Law to Facts....................................................................... 4

                1.     Limited Discovery from Third Party Sellers is Necessary to Determine What Damages Will Adequately Compensate Telebrands for Vieneci's Infringement of the Asserted Patents ................ 4

                        i.     Telebrands is Entitled to Damages Which Will Adequately Compensate it for Vieneci's Infringement of the Asserted Patents ................................................................................... 4

                        ii.    Telebrands and the Court Require Evidence of the Price and Volume of Sales of Vieneci's Accused Products in Order for the Court to Determine its Damages............................. 5

                        iii.   Without a Pre-Rule 26(f) Conference Court Order, Telebrands Cannot Take Discovery That Will Allow It to Obtain Evidence of Vieneci's Sales of Accused Products............. 6

                        iv.   Good Cause Is Met Where Infringing Products are Sold Online and Sellers Have Defaulted................................................ 7

III.    DISCOVERY SOUGHT ........................................................................................ 8

IV.    CONCLUSION...................................................................................................... 9

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agio Int'l Co., Ltd. v. Zhejiang Longda Forge Co.*,
  No. 1:15-CV-00192-MR, 2023 WL 2339890, at *4 (W.D.N.C. Feb. 28, 2023)......................5

*Beatrice Foods Co. v. New England Printing & Lithographing Co.*,
  899 F.2d 1171, 1173 (Fed. Cir. 1990)..................................................................................5

*Cao Lighting v. Lights of Am.*,
  2021 U.S. Dist. LEXIS 147987, *15, *18 (C.D. Cal, Apr. 8, 2021) .........................................8

*Cstechus, Inc. v. NorthernZone, LLC*,
  2021 U.S. Dist. LEXIS 101689, *3 (S.D. Cal., May 28, 2021)................................................8

*Del Mar Avionics, Inc. v. Quinton Instrument Co.*,
  836 F.2d 1320, 1326-27 (Fed. Cir. 1987) .................................................................................5

*Delta Faucet Co. v. Watkins*,
  No. 1-23-CV-00200-JMS-MKK, Doc. 19 (S.D. Ind. April 26, 2023)................................3, 7

*Delta Faucet Co. v. Iakovlev, et al.*,
  Doc. No. 1:21-cv-00733 (S.D. Ind. Mar 25, 2021)...............................................................3, 7

*Georgetown Rail Equip. Co. v. Holland L.P.*,
  867 F.3d 1229, 1241 (Fed. Cir. 2017)..................................................................................5, 6

*In re Catt*,
  368 F.3d 789, 793 (7th Cir. 2004) .........................................................................................4

*Levitation Arts, Inc. v. Plox, Inc.*,
  No. CV 17-1476-MN, 2020 WL 2730905, at *3 (D. Del. May 26, 2020) ...............................5

*Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*,
  895 F.2d 1403, 1406 (Fed. Cir. 1990)..................................................................................4, 5

*Lowe v. McGraw-Hill Companies, Inc.*,
  361 F.3d 335, 339–40 (7th Cir. 2004) .................................................................................1, 4

*Millennium Outdoors, LLC v. Leader Access. LLC*,
  2023 U.S. Dist. LEXIS 131018, *2-3, 2023 WL 4782845 (W.D. Wis., July 26,
  2023) .....................................................................................................................................7, 8

*Morton v. Giving Days Found., Inc.*,
  No. 2:18-CV-450-JVB-JEM, 2019 U.S. Dist. LEXIS 119688, at *1 (N.D. Ind.
  July 18, 2019)........................................................................................................................2, 3

ii

*Nat'l Collegiate Athletic Ass'n v. Kizzang LLC*,
 304 F. Supp. 3d 800, 806 (S.D. Ind. 2018) ...........................................................3, 4

*Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*,
 No. 1:20CV1170, 2021 WL 4714657, at *3 (N.D. Ohio June 21, 2021) .............................3, 7

*Quincy Bioscience, LLC v. Quality OTC*,
 No. 18-cv-407-wmc, 2018 U.S. Dist. LEXIS 183788, at *2 (W.D. Wis. Oct.
 26, 2018) ....................................................................................................................2, 3

*Roche Diagnostics Corp. v. Med. Automation Sys.*,
 No. 1:10-cv-01718-SEB-DML, 2011 U.S. Dist. LEXIS 4171, at *8 (S.D. Ind.
 Jan. 14, 2011) ..................................................................................................................3

*Sheridan v. Oak St. Mortg., LLC*,
 244 F.R.D. 520, 522 (E.D. Wis. 2007) ...........................................................................2, 3

*Trevino v. Active Gear Corp.*,
 No. 2:16-CV-458-WCL-JEM, 2016 U.S. Dist. LEXIS 151603, at *1-2 (N.D.
 Ind. Nov. 2, 2016) ............................................................................................................2

*VLM Food Trading Intern., Inc. v. Illinois Trading Co.*,
 811 F.3d 247, 255 (7th Cir. 2016) ..................................................................................3, 4

*Wis. Pipe Trades Health Fund v. Trinity Piping LLC*,
 No. 19-cv-88-pp, 2020 U.S. Dist. LEXIS 191927, at *3 (E.D. Wis. Oct. 16,
 2020) ...........................................................................................................................2, 3

*Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*,
 609 F.3d 1308, 1319 (Fed. Cir. 2010) ..............................................................................5

**Other Authorities**

Fed. R. Civ. P. 26.....................................................................................................2, 3, 6

Fed. R. Civ. P. 45.............................................................................................................6

Fed. R. Civ. P. 55......................................................................................................1, 3, 4

35 U.S.C. § 271.................................................................................................................1

35 U.S.C. § 284............................................................................................................3, 4

## I.      BACKGROUND

Telebrands, the owner of U.S. Patent Nos. 10,174,870 (the "'870 Patent") and 10,890,278 (the "'278 Patent") (collectively, the "Asserted Patents") brings claims for patent infringement against Vieneci in violation of 35 U.S.C. § 271. Doc. No. 1. The United States Patent and Trademark Office ("USPTO") duly and lawfully issued (1) the '870 Patent on January 8, 2019 and (2) the '278 Patent on January 12, 2021. *Id.* Telebrands alleges that Vieneci's "Vieneci Expandable Garden Hose" available in various sizes (the "Accused Products") infringes its Asserted Patents. *Id.* Telebrands further alleges that Vieneci, with knowledge of the Asserted Patents since at least their respective issuances, has and continues to directly infringe, contributorily infringe and induce others to infringe the Asserted Patents. *Id*. On July 31, 2023, Telebrands filed a motion for Clerk's Entry of Default. Doc. No. 32. On August 18, 2023, the Clerk entered a default against Vieneci pursuant to Federal Rule of Civil Procedure 55(a), due to Vieneci's failure to plead or otherwise defend in this action despite being served with Telebrand's complaint and the summons from this Court. Doc. No. 34.

However, Telebrands requires direct evidence of the dollar amount and units of Vieneci's sales of the Accused Products before it moves for default judgment pursuant to 55(b)(2). *See Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339–40 (7th Cir. 2004) ("The default is entered upon the defendant's failure to plead or otherwise defend . . . but if an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered.") (citing Fed. R. Civ. P. 55). As Vieneci has elected not to participate in this action, Telebrands requires information from the Third Party Sellers to support its damages award for default judgment.

1

Telebrands has worked diligently to identify any additional third party sellers through which Vieneci is and/or has sold or offered for sale the Accused Products. The Third Party Sellers have now been identified as indicated in this motion. Thus, Telebrands requests that this Court grant Telebrands' motion and allow Telebrands to take discovery from the Third Party Sellers for Vieneci's sales since January 8, 2019, the issue date of the '870 Patent, before moving for default judgment against Vieneci.

## II.      ARGUMENT

Telebrands respectfully seeks leave to conduct early discovery before it moves for default judgment against Vieneci so that it can establish the dollar amount and units of Vieneci's sales of the Accused Products.

### A.      Legal Authority

#### 1.      Discovery Before 26(f) Conference Requires Good Cause

While the Federal Rules of Civil Procedure generally prohibit discovery from occurring before the parties conduct a Rule 26(f) conference, the Court may in its discretion enter an order allowing early discovery. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order.").

Most courts, including those in the Seventh Circuit, apply the good cause standard in deciding whether to permit such early discovery. *See Wis. Pipe Trades Health Fund v. Trinity Piping LLC*, No. 19-cv-88-pp, 2020 U.S. Dist. LEXIS 191927, at *3 (E.D. Wis. Oct. 16, 2020); *Morton v. Giving Days Found., Inc.*, No. 2:18-CV-450-JVB-JEM, 2019 U.S. Dist. LEXIS 119688, at *1 (N.D. Ind. July 18, 2019); *Quincy Bioscience, LLC v. Quality OTC*, No. 18-cv-407-wmc, 2018 U.S. Dist. LEXIS 183788, at *2 (W.D. Wis. Oct. 26, 2018); *Trevino v. Active Gear Corp.*, No. 2:16-CV-458-WCL-JEM, 2016 U.S. Dist. LEXIS 151603, at *1-2 (N.D. Ind. Nov. 2, 2016); *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007). Under the good cause

standard, courts consider the "facts and circumstances of the particular matter" and "why the requested discovery, on an expedited basis, is appropriate for the fair adjudication of issues before the court." *Roche Diagnostics Corp. v. Med. Automation Sys.*, No. 1:10-cv-01718-SEB-DML, 2011 U.S. Dist. LEXIS 4171, at \*8 (S.D. Ind. Jan. 14, 2011).

Courts in the Seventh Circuit consistently find good cause for early discovery when default has been entered against a defendant, the plaintiff has not yet moved for default judgment, and the plaintiff needs to take discovery to establish its damages when moving for default judgment. *See, e.g., Delta Faucet Co. v. Watkins*, No. 1-23-CV-00200-JMS-MKK, Doc. 19 (S.D. Ind. June 23, 2023); *Delta Faucet Co. v. Iakovlev, et al.*, Doc. No. 1:21-cv-00733 (S.D. Ind. Mar 25, 2021); *Wis. Pipe Trades Health Fund*, 2020 U.S. Dist. LEXIS 191927, at \*3; *Morton*, 2019 U.S. Dist. LEXIS 119688, at \*1; *Quincy Bioscience*, 2018 U.S. Dist. LEXIS 183788, at \*2; *Sheridan*, 244 F.R.D. at 522. These cases reason that good cause exists for plaintiffs to take limited discovery under such facts and circumstances because, as a result of defendants' default, plaintiffs otherwise have no ability to establish their damages with reasonable certainty when moving for default judgment. *See, e.g., Sheridan*, 244 F.R.D. at 522 ("absent limited discovery to obtain information relevant to the issues of . . . damages, [Plaintiff] cannot pursue his claims . . . [since Defendant] is in default, [Plaintiff] is effectively precluded from engaging in a Rule 26(f) conference"); *see also Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, No. 1:20CV1170, 2021 WL 4714657, at \*3 (N.D. Ohio June 21, 2021) (granting Plaintiff's motion for leave to seek limited discovery upon Non-Party Amazon.Com, Inc. in a patent infringement case after entry of default).

> **2.     Entry of Default Against a Defendant Entitles a Plaintiff to Damages under 35 U.S.C. § 284 but the Amount of Damages Must Be Determined with Reasonable Certainty before Default Judgment**

The entry of default under Rule 55(a) establishes the defendant's liability. *Nat'l Collegiate Athletic Ass'n v. Kizzang LLC*, 304 F. Supp. 3d 800, 806 (S.D. Ind. 2018) (quoting *VLM Food*

*Trading Intern., Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (internal quotation marks omitted). Where a defendant is liable under 35 U.S.C. § 284, the plaintiff is entitled to damages adequate to compensate it for the infringement. 35 U.S.C. § 284 ("[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement"); *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co., Harris Press & Shear Div.*, 895 F.2d 1403, 1406 (Fed. Cir. 1990) ("the fact of infringement establishes the fact of damage because the patentee's right to exclude has been violated."). However, the entry of the default does not deem the allegations in the complaint with respect to the amount of damages true, thus "the district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Nat'l Collegiate Athletic Ass'n v.*, 304 F. Supp. 3d at 808 (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Proceedings to determine "the amount of damages that the defaulting defendant must pay … must be conducted before the judgment is entered." *Lowe*, 361 F.3d at 339–40 (7th Cir. 2004)) (citing Fed. R. Civ. P. 55(a), (b)(2).

### B.   Application of Law to Facts

#### 1.   Limited Discovery from Third Party Sellers is Necessary to Determine What Damages Will Adequately Compensate Telebrands for Vieneci's Infringement of the Asserted Patents

##### i.   *Telebrands is Entitled to Damages Which Will Adequately Compensate it for Vieneci's Infringement of the Asserted Patents*

Because the court has entered a default against Vieneci under Rule 55(a) on Telebrands' claims for patent infringement, Vieneci is liable to Telebrands for such infringement. *Nat'l Collegiate Athletic Ass'n*, 304 F. Supp. 3d at 806 (quoting *VLM Food Trading Intern., Inc*, 811 F.3d at 255 (internal quotation marks omitted). Because Vieneci is liable for such infringement, Telebrands is entitled to damages which will adequately compensate it for the infringement. 35 U.S.C. § 284 ("[u]pon finding for the claimant the court shall award the claimant damages adequate

4

to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."); *Lindemann Maschinenfabrik GmbH*, 895 F.2d at 1406 ("the fact of infringement establishes the fact of damage because the patentee's right to exclude has been violated.").

> **ii.     *Telebrands and the Court Require Evidence of the Price and Volume of Sales of Vieneci's Accused Products in Order for the Court to Determine its Damages***

Damages "adequate to compensate for the infringement" under 35 U.S.C. § 284 are usually measured as the patent owner's lost profits or as a reasonable royalty. *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 899 F.2d 1171, 1173 (Fed. Cir. 1990). A patent owner need only prove lost profits to a reasonable degree of probability. *See, e.g., Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1326-27 (Fed. Cir. 1987). "A reasonable royalty can be calculated from an established royalty, the infringer's profit projections for infringing sales, or a hypothetical negotiation between the patentee and infringer. *Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010).

Telebrands anticipates using the sales information it obtains from the Third Party Sellers to put forth an appropriate damages calculation. *See e.g., Levitation Arts, Inc. v. Plox, Inc.*, No. CV 17-1476-MN, 2020 WL 2730905, at *3 (D. Del. May 26, 2020), *report and recommendation adopted*, No. CV 17-1476 (MN), 2020 WL 3103894 (D. Del. June 11, 2020) (where "Plaintiff calculated its proposed damages using a simple formula: damages = (price of Accused Product) × (# of Accused Products sold) × (royalty rate)" such calculation was appropriate); *see also, Agio Int'l Co., Ltd. v. Zhejiang Longda Forge Co.*, No. 1:15-CV-00192-MR, 2023 WL 2339890, at *4 (W.D.N.C. Feb. 28, 2023) ("Evidence of lost profits is sufficient when a plaintiff shows . . . (1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of profit it

would have made.) (internal citations omitted); *see also Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1241 (Fed. Cir. 2017) (upholding district court's application of the same four-factor test to award lost profits).

Thus, in order to prove the amount of monetary damages to which it is entitled, Telebrands requires evidence of Accused Products sales, which it does not currently have for the full, relevant time period with requisite reasonable certainty. Ex. A, Declaration of W. Michael Etienne ("Etienne Decl.") ¶ 11. However, Telebrands knows Vieneci has offered the Accused Products for sale on the websites of the Third Party Sellers. Ex. A., Etienne Decl. ¶¶ 3-10. Therefore, limited discovery from the Third Party Sellers will help Telebrands to more completely account for its damages, and in turn will help the Court award such damages with reasonable certainty.

> ### iii. *Without a Pre-Rule 26(f) Conference Court Order, Telebrands Cannot Take Discovery That Will Allow It to Obtain Evidence of Vieneci's Sales of Accused Products*

Absent Vieneci's default, Telebrands would be able to support its damages award with the necessary evidence by obtaining sales information from Vieneci itself and/or by subpoenaing the Third Party Sellers following a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45. Because of Vieneci's default, however, Telebrands cannot take discovery that would allow it to prove the amount of Vieneci's sales of the Accused Product without a Court order. *See* Fed. R. Civ. P. 26(d)(1) ("a party *may not seek discovery from any source before the parties have conferred* as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or *by court order*.") (emphasis added). Because Vieneci has ignored Telebrands' complaint and this Court's summons, Telebrands cannot confer with Vieneci to trigger the opening of discovery in this case under Rule 26(d)(1). Thus, an order from this Court is needed for Telebrands to obtain discovery.

It would be contrary to the administration of justice if Vieneci, by choosing to ignore this Court's summons and not participate in this proceeding, could prevent Telebrands from conducting discovery pertaining to sales of the Accused Products to establish Telebrands' damages with reasonable certainty. The Court should thus grant Telebrands' motion to allow such discovery upon the Third Party Sellers.

> ### iv. Good Cause Is Met Where Infringing Products are Sold Online and Sellers Have Defaulted

Courts in this District have concluded that there is good cause to permit limited discovery where, a plaintiff has sued for intellectual property infringement, the defendant defaults, and the plaintiff needs evidence from a third party to establish its damages caused by the defendant's actions. *See, e.g., Delta Faucet Co. v. Watkins*, No. 1-23-CV-00200-JMS-MKK, Doc. 19 (S.D. Ind. June 23, 2023); *Delta Faucet Co. v. Iakovlev, et al.*, Docket No. 1:21-cv-00733 (S.D. Ind. Mar 25, 2021) (allowing discovery upon Amazon for purposes of obtaining information related to the issue of damages for purposes of default judgment briefing). Specifically, on June 23, 2023, in *Delta Faucet Co. v. Watkins*, the Southern District of Indiana issued an Order granting plaintiff Delta Faucet Co.'s motion for limited discovery upon third party online seller, Amazon, after the Clerk entered Default against a defendant, who had failed to plead or otherwise respond, and granted Delta Faucet Co. 14 days from its receipt of all necessary information from Amazon to file its Motion for Default Judgment. No. 1-23-CV-00200-JMS-MKK, Doc. 19.

Other courts in the Seventh Circuit and nationwide have reached the same conclusion in cases alleging patent infringement. *See Millennium Outdoors, LLC v. Leader Access. LLC*, 2023 U.S. Dist. LEXIS 131018, *2-3, 2023 WL 4782845 (W.D. Wis., July 26, 2023); *Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, No. 1:20CV1170, 2021 WL 4714657, at *3 (N.D. Ohio June 21, 2021) (granting Plaintiff's motion for leave to seek limited discovery upon Non-Party

Amazon.Com, Inc. in patent infringement case after entry of default judgment); *Cstechus, Inc. v. NorthernZone, LLC*, 2021 U.S. Dist. LEXIS 101689, \*3 (S.D. Cal., May 28, 2021) ("Plaintiff may conduct limited discovery on the online sales on Amazon and other internet websites used by Defendant, as well as any institutions with which Defendant holds financial accounts, in order to ascertain Defendant's revenue from its sales of the accused product"); *Cao Lighting v. Lights of Am.*, 2021 U.S. Dist. LEXIS 147987, \*15, \*18 (C.D. Cal, Apr. 8, 2021) (granting motion for default judgment for liability on patent infringement claim and leave for plaintiff to engage in limited discovery to determine "the existence and amount of damages").

In *Millennium Outdoors*, after default was entered against the defendant, the Court granted the plaintiff's request to conduct limited damages discovery on third party online seller Amazon for "(1) the dollar amount and number of units for all sales of the accused product on the Amazon.com website to consumers in the United States; (2) the first and last sale of the accused product by [Defendant] or a third-party; (3) the number of units of the accused product provided by [Defendant] to Amazon.com; and (4) all communications between Amazon.com and [Defendant] relating to the accused product." 2023 U.S. Dist. LEXIS at \*2-3.

Likewise, this Court should find that there is good cause for Telebrands to serve limited discovery on the Third Party Sellers so that Telebrands can prove its damages when moving for default judgment.

## III.     DISCOVERY SOUGHT

Telebrands seeks leave to serve discovery on seven Third Party Sellers (i.e., Amazon, Walmart, Excel, Flawless, Sprint Gear, New Dawn, and Farhad), who have listed the Accused Products for sale through their online storefronts. Ex. A, Etienne Decl. ¶¶ 3, 13. Telebrands anticipates that discovery will be limited to the dollar amount and units of sales of Vieneci's

Accused Products from the issuance date of the '870 Patent (i.e., January 8, 2019) to the present.

Ex. A, Etienne Decl. ¶ 13.

## IV.      CONCLUSION

For all of the foregoing reasons, Telebrands respectfully asks that this Court grant Telebrands' motion and permit Telebrands to take discovery from the Third Party Sellers before filing a motion for default judgment against Vieneci.

DATED:  November 10, 2023                        Respectfully submitted,

                                                 TAFT STETTINIUS & HOLLISTER, LLP

                                                 */s/ W. Michael Etienne*
                                                 Jonathan G. Polak, Atty. No. 21954-49
                                                 W. Michael Etienne, Atty. No. 35221-32
                                                 TAFT STETTINIUS & HOLLISTER, LLP
                                                 One Indiana Square, Suite 3500
                                                 Indianapolis, Indiana 46204
                                                 Telephone: (317) 713-3500
                                                 Facsimile: (317) 713-3699
                                                 Email: jpolak@taftlaw.com
                                                           metienne@taftlaw.com


                                                 Michael J. Zinna (admitted *Pro Hac Vice*)
                                                 Vincent M. Ferraro (admitted *Pro Hac Vice* )
                                                 KELLEY DRYE & WARREN LLP
                                                 3 World Trade Center
                                                 New York, New York 10007
                                                 Telephone: (212) 808-7800
                                                 Facsimile: (212) 808-7897
                                                 Email: MZinna@KelleyDrye.com
                                                           VFerraro@KelleyDrye.com

                                                 ***Attorneys for Plaintiff***
                                                 ***Telebrands Corporation***